1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CODY HILL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 1:24-cv-01284-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on October 22, 2024. (ECF No. 1.)

On December 9, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 7.)

Plaintiff failed to file an amended complaint or otherwise respond to the December 9, 2024 order. Therefore, on January 21, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 8.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is

1

warranted.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

# COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the

screening requirement under 28 U.S.C. § 1915.

Plaintiff was assaulted in his cell while housed at Lerdo pretrial facility in a mental health unit. The physical altercation resulted in Plaintiff having surgery on his right hand. The facility no longer has an administrative segregation unit to house the mentally ill inmates resulting in all inmates being housed together. The facility also does not allow basic materials for the practice of Plaintiff's Asatru religious beliefs.

## III.

## DISCUSSION

"[P]retrial detainees ... possess greater constitutional rights than prisoners," Stone v. City and County of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992), and are entitled to treatment more considerate than that afforded individuals who have been convicted of a crime, Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Constitutional claims of a pretrial detainee "arise[ ] from the due process clause of the [F]ourteenth [A]mendment and not from the [E]ighth [A]mendment prohibition against cruel and unusual punishment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (citing Bell v. Wolfish, 441 U.S. 520, 573 n.16 (1979)), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014). "[T]he more protective [F]ourteenth [A]mendment standard applies to conditions of confinement when detainees ... have not been convicted" of a crime. Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).

The Fourteenth Amendment requires the government to do more than provide minimal necessities to non-convicted detainees. Jones v. Blanas, 393 F.3d at 931. Under the Due Process Clause, pretrial detainees have a right to be free from jail conditions or restrictions that "amount to punishment." Bell, 441 U.S. at 535-37; see also Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce, 526 F.3d at 1205.

### A. State of California

"Suits against state officials in their official capacity ... should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108,

1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166 (emphasis in original).

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State of California in this action.

**B.     Kern County Sheriff's Office as Defendant**

City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee. Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978). In order to state a section 1983 claim against the Sheriff's Department as a whole, plaintiff would have to allege that a department policy or custom caused his injuries. Hyun Ju Park v. City & Cty. of Honolulu, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through inaction, failed to implement adequate policies or procedures to

4

safeguard" the constitutional rights of jail detainee. Id. In order to hold the sheriff's department liable for a failure to act, plaintiff would need to demonstrate that the department "exhibited deliberate indifference" to the violation of his rights. Id. A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." Id. at 1142.

Here, Plaintiff has failed to sufficiently allege facts establishing that Defendant Kern County Sheriff's Office has a policy or custom led to Plaintiff's injury. Monell, 436 U.S. at 694. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Failure to Protect

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

"[P]retrial detainees ... possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of

pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

The elements of a pretrial detainee's failure to protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a ... failure-to protect claim." Id. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." Id. at 1071.

Here, Plaintiff fails to name and link any individual Defendant to an affirmative act or omission giving rise to his failure to protect claim. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a Defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There are no facts that any official was aware of a substantial risk of serious harm but failed to take any reasonable measure to abate the risk. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### D. Supervisory Liability

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established ... by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a

supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

"Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207). In other words, to state a claim against any individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D. Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Plaintiff has failed to allege facts demonstrating that the Sheriff Youngblood was either personally involved in or causally connected to the constitutional deprivations that Plaintiff alleged to have experienced. Accordingly, Plaintiff fails to state a cognizable claim against Sheriff Youngblood.

### E. Free Exercise of Religion

"The right to exercise religious practices and beliefs does not terminate at the prison door[,]" McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)), but a prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration," Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993) (citing O'Lone, 482 U.S. at 348). A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of his religion. Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting

1  contrary to their religious beliefs or exert substantial pressure on an adherent to modify his
2  behavior and to violate his beliefs." Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir. 2013)
3  (quoting Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter, 456 F.3d 978, 988 (9th Cir.
4  2006) (internal quotation marks and alterations omitted)).

5  As an initial matter, Plaintiff does not name any Defendant in connection with this claim,
6  nor does he specify in what way denial of materials burdens his ability to practice his Asatru
7  religion. Plaintiff merely states that he has been denied basic materials necessary to practice his
8  religion, yet basic materials are provided for other religions. Because Plaintiff has not shown
9  "more than an inconvenience" to the exercise of his Asatru religion, he fails to state a cognizable
10 First Amendment claim. See Ohno, 723 F.3d at 1011.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

13 Here, the Court screened Plaintiff's complaint, and on December 9, 2024, an order issued
14 providing Plaintiff with the legal standards that applied to his claims, advising him of the
15 deficiencies that needed to be corrected, and granting him leave to file an amended complaint within
16 thirty days. (ECF No. 7.) Plaintiff did not file an amended complaint or otherwise respond to the
17 Court's December 9, 2024 order. Therefore, on January 21, 2025, the Court ordered Plaintiff to
18 show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 8.)
19 Plaintiff failed to respond to the January 21, 2025 order and the time to do so has passed.

20 Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules
21 or with any order of the Court may be grounds for imposition by the Court of any and all sanctions
22 . . . within the inherent power of the Court." The Court has the inherent power to control its docket
23 and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of
24 the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

25 A court may dismiss an action based on a party's failure to prosecute an action, failure to
26 obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,
27 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
28 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of December 9, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended

9

complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's November 18, 2024, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 7.) In addition, the Court's January 21, 2025, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders.

## V.

## ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the December 9, 2024 and January 21, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 14, 2025**

STANLEY A. BOONE
United States Magistrate Judge